UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:08-cr-158-FtM-29DNF

ISAAC MARION, SR.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's letter dated September 7, 2010, construed as a motion to amend judgment (Doc. #170) and filed on September 13, 2010. Defendant requests that the Court amend the judgment in this case to reflect that the concurrent sentences began on March 19, 2007.

Rule 36 of the Federal Rules of Criminal Procedure allows a district court "at any time" to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 cannot be used to make a substantive change to a criminal sentence. United States v. Portillo, 363 F.3d 1161, 1163 (11th Cir. 2004); United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003). As the Court interprets defendant's motion, he is requesting that the Court amend the judgment to accurately reflect its intention at the time of the sentencing. Therefore, the requested relief falls within the proper scope of Rule 36, and the Court has the authority to consider the requested relief.

In Case No. 2:06-cr-88-FtM-29SPC (the 2006 case), defendant pled guilty to two counts. On March 19, 2007, the Court imposed sentences of 108 months imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine and 108 months imprisonment for distribution of cocaine. The sentences were to run concurrently with each other.

On October 22, 2008, defendant was indicted in Case No. 2:08-cr-158-FtM-29DNF (the 2008 case). Defendant went to trial and was convicted of two counts. At the October 26, 2009, sentencing hearing, the government requested a sentence of 293 months imprisonment imposed consecutively to the 2006 case sentences. (Doc. #163, p. 75.) Defendant requested a sentence of 108 months imprisonment to run currently with the remainder of the undischarged term of imprisonment in the 2006 case, pursuant to U.S. Sentencing Guidelines Section 5G1.3. (Doc. #163, pp. 86-87.) The Court sentenced defendant to 188 months imprisonment for conspiracy to commit money laundering and 60 months for making a false statement to a government agency, to be served concurrently with each other and with the 2006 case. The Court filed the Judgment in a Criminal Case (the Judgment) (Doc. #143) on October 28, 2009. The Judgment stated that these sentences were to be served concurrently with each other, "and shall also be served concurrently with the term of imprisonment in Case No. 2:06-cr-88-FtM-29SPC." (Doc. #143, p. 2.)

Defendant argues that to be "concurrent" the October 26, 2009, sentence should be considered to have started as of March 19, 2007, i.e., the date the sentences in the 2006 case were imposed. The Bureau of Prisons, however, has construed the October 26, 2009 sentence as beginning on the date it was imposed.

A sentencing court may allow "terms of imprisonment imposed at different times ... to run concurrently." 18 U.S.C. § 3584(a). The Court did so in this case. A "concurrent" sentence, however, "does not mean that the two sentences 'hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006)(quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). A "term of imprisonment commences on the date the defendant is received in custody. . .at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585. Here, defendant Marion was already in the custody of the federal Bureau of Prisons by virtue of the 2006 case sentences, so the second sentence began on October 26, 2009. Since the Bureau of Prisons has correctly interpreted the Court's Judgment that the October 26, 2009 sentences be "concurrent" with the 2006 sentences, there is no basis to amend the Judgment.[1]

---

[1] In Coloma there was also an issue regarding § 5G1.3 of the Sentencing Guidelines. 445 F.3d at 1285-86. If there is such an
(continued...)

Accordingly, it is now

**ORDERED**:

Defendant's letter dated September 7, 2010, construed as a motion to amend judgment (Doc. #170), is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of October, 2010.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Isaac L. Marion

---

[1](...continued)
issue in this case, the Court assumes it has been raised in the pending direct appeal.