UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISAAC MARION, SR.,

       Petitioner,

v.                                    Case No:  2:12-cv-574-FtM-29DNF
                                      Case No. 2:08-cr-158-FTM-29DNF
UNITED STATES OF AMERICA,

       Respondents.

_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #179)[1] filed on October 18, 2012.  The government filed a Response to Motion (Cv. Doc. #7) on December 7, 2012.  The Petitioner filed a Reply (Cv. Doc. #10) on February 25, 2013 and two supplemental Replies on March 21, 2013 and June 6, 2013, (Cv. Doc. #11; Cv. Doc. #12).

Petitioner also filed a Motion to Amend/Correct on March 31, 2014 (Cv. Doc. #14) which the government opposed (Cv. Doc. #16). The Court granted Petitioner's Motion.  (Cv. Doc. #15.)  The

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Petitioner then filed a second Motion to Amend/Correct on November 17, 2014.  (Cv. Doc. #20.)[2]  No response was filed.

## I.

On June 9, 2009, a federal grand jury in Fort Myers, Florida returned a four-count Amended Superseding Indictment (Cr. Doc. #74) against Isaac Marion Sr. (Petitioner or Marion) charging Petitioner with: conspiracy to commit money laundering in violation of Title 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i) (Count 1); money laundering in violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i) and (2) (Count 2); false statement regarding 881 Jarmilla Lane in violation of Title 18 U.S.C. § 1001(a)(2) (Count 3); and false statement regarding 2929 Market Street in violation of Title 18 U.S.C. § 1001(a)(2) (Count 4).  (Cr. Doc. #74.)  A jury returned a guilty verdict on Counts 1 and 3, and acquitted on Counts 2 and 4 on July 17, 2009.  (Cr. Doc. #126.)

On October 26, 2009, the Court sentenced petitioner to a term of imprisonment of 188 months as to Count 1, and 60 months as to Count 3, to be served concurrently, followed by a term of supervised release.  (Cr. Doc. #139.)  Judgment was filed on October 28, 2009.  (Cr. Doc. #143.)

---

[2] Without determining whether the supplemental arguments are timely, or whether the arguments relate back to the original Petition pursuant to Federal Rule of Civil Procedure 15, the Court will allow petitioner to present the arguments in his Motion to Amend/Correct (Cv. Doc. #20) for consideration.

Petitioner appealed his conviction and sentence. Petitioner alleged that: (1) the denial of his motion for judgment of acquittal was an error because insufficient evidence existed to sustain his convictions; (2) that the false statement in Count 3 was immaterial; and (3) the district court abused its discretion in admitting his daughter's savings account records because the records were irrelevant and served only to mislead and confuse the jury. (Cr. Doc. #176); United States v. Marion, 418 F. App'x 847 (11th Cir. 2011). The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentencing. Id. Petitioner was denied certiorari on November 7, 2011. United States v. Marion, 132 S. Ct. 567 (2011). Petitioner's § 2255 motion, filed on October 18, 2012, is timely. (Cv. Doc. #1.) See Kaufmann v. United States, 282 F.3d 1336 (11th Cir. 2002).

Petitioner raises four claims in his § 2255 motion: (1) subject matter jurisdiction was improper because the indictment did not establish the elements of the charged offense of money laundering; (2) appellate counsel was ineffective for failing to challenge on appeal the government's failure to establish the essential elements of the charged offenses; (3) trial counsel was ineffective for not requesting a jury instruction on the prospective nature of the conspiracy agreement or plan, and the difference between money laundering and money spending; and (4)

appellate counsel was ineffective for failing to argue on appeal that Petitioner's statement was false.

Petitioner's first motion for leave to amend the petition (Cv. Doc. #14) adds the following claims: (5) trial counsel was ineffective for failing to object to the District Court's calculations of the sentencing guideline range; and, (6) the trial court unconstitutionally incorporated a factor increasing the base offense level that had not been proven to a jury beyond a reasonable doubt.  Petitioner's second motion for leave to amend the petition (Cv. Doc. #20) adds the following claims: (7) trial counsel was ineffective for failing to argue that the court should apply U.S. Sentencing Guidelines Manual § 5G1.3(b)(1) and (2) conjunctively; and (8) Petitioner's sentence is unreasonable due to the Court's miscalculation of the guidelines.  For the reasons set forth below, the motion is denied in its entirety.

## II.

Petitioner is not entitled to an evidentiary hearing.  A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ."  28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  Aron v. United States, 291 F.3d 708, 714-15 (11th Cir.

2002) (internal citation omitted).  However, a "district court is
not required to hold an evidentiary hearing where the petitioner's
allegations are affirmatively contradicted by the record, or the
claims are patently frivolous." Id. at 715.  See also Gordon v.
United States, 518 F.3d 1291, 1301 (11th Cir. 2008).  Here, even
when the facts are viewed in the light most favorable to
Petitioner, he has not established that either trial counsel or
appellate counsel provided constitutionally ineffective
assistance, or that he was otherwise deprived of a constitutional
right.  Therefore, the Court finds that an evidentiary hearing is
not warranted in this case.

**III.**

As set forth above, Petitioner raises five grounds of
ineffective assistance of counsel and three grounds alleging
various trial court errors.  The Court will set forth the general
legal principles and then apply them to the facts of the case.

**A)    Standard of Review**

Title 28 U.S.C. § 2255 provides federal prisoners with an
avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise subject
> to attack, may move the court which imposed the sentence
> to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (2015).  If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. at § 2255(b).  To obtain this relief on collateral review, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  See United States v. Frady, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

**B)   Ineffective Assistance of Counsel**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established.  To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different.  Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances.  Hinton, 134 S. Ct. at 1088 (citations

omitted).   A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . ." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690) (internal quotation marks omitted).   This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.   To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeal, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010).   Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted).   Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Hinton, 134 S. Ct. at 1087-88.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Hinton, 134 S. Ct. at 1089 (quoting Strickland, 466 U.S. at 694) (internal quotation marks and citations omitted).

The same deficient performance and prejudice standards apply to appellate counsel.  Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77.  If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal.  If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice.  Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997).  Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel.  Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

### IV.

A) **Ground One: Subject matter jurisdiction was improper because the indictment did not establish the elements of the charged offense of money laundering**

Petitioner first alleges that the District Court lacked subject matter jurisdiction because the indictment did not establish the elements of the charged offense of money laundering.[3]

A jurisdictional defect is one that "strip[s] the court of its power to act and ma[kes] its judgment void."  Escareno v. Carl

---

[3] Petitioner bases his argument on the indictment which was filed October 22, 2008, which this Court subsequently dismissed along with the superseding indictment filed on April 15, 2009.  (Cv. Doc. #1; Cr. Docs. #3, #58, #74.)  Petitioner was tried on an amended superseding indictment filed on June 9, 2009.

Nolte Sohne GmbH & Co., 77 F.3d 407, 412 (11th Cir. 1996).  Because
parties cannot by acquiescence or agreement confer jurisdiction on
a federal court, a jurisdictional defect cannot be waived or
procedurally defaulted; instead, a judgment tainted by a
jurisdictional defect must be reversed.  See Harris, 149 F.3d at
1308-09; see also United States v. Griffin, 303 U.S. 226, 229
(1938).  The constitutional right to be charged by a grand jury
is a personal right of the defendant and does not go to the district
court's subject matter jurisdiction because it may be waived.  See
Fed. R. Crim. P. 7(b).3 "Thus, the constitutional right to be
charged by grand jury indictment simply does not fit the mold of
a jurisdictional defect, because it is a right that plainly may be
waived."  McCoy v. United States, 266 F.3d 1245, 1249 (11th Cir.
2001).

     The Eleventh Circuit explained in McCoy v. United States,
that "an indictment charging that a defendant violated a law of
the United States gives the district court jurisdiction over the
case and empowers it to rule on the sufficiency of the indictment."
266 F.3d 1245, 1252 (11th Cir. 2001).  Id.  The court further
noted, "[s]ubject matter jurisdiction in every federal criminal
prosecution comes from 18 U.S.C. § 3231. . . .  That's the
beginning and the end of the jurisdictional inquiry."  Id.
(Internal citations and quotation marks omitted); see also United
States v. Cainion, No. 8:10-CR-10-T-33AEP, 2011 WL 1322778, at *1

(M.D. Fla. Apr. 6, 2011).  "An omission of an element from an indictment does not deprive the district court of jurisdiction." United States v. Brown, 752 F.3d 1344, 1351 (11th Cir. 2014).

The Court had subject matter jurisdiction in this case because the indictment charged Petitioner with violations of federal law.[4] Specifically, Petitioner was charged with conspiracy to commit money laundering in violation of Title 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i) (Count 1); money laundering in violation of Title 18 U.S.C. §§ 1956(a)(1)(B)(i) and (2) (Count 2); false statement regarding 881 Jarmilla Lane in violation of Title 18 U.S.C. § 1001(a)(2) (Count 3); and false statement regarding 2929 Market Street in violation of Title 18 U.S.C. § 1001(a)(2) (Count 4). (Cr. Doc. #74.)  "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction.  Brown, 752 F.3d at 1354 (citing Alikhani, 200 F.3d at 734-35).  Therefore, the Court finds Petitioner's allegations in ground one are without merit.  Accordingly, ground one is denied.

**B) Ground Two: Appellate counsel was ineffective for failing to challenge on appeal the government's failure**

---

[4] 118 U.S.C. § 3231 states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

**to establish the essential elements of the charged offenses**

In Ground Two of Petitioner's § 2255 Motion, Petitioner claims that his appellate attorney was ineffective for failing to challenge the government's failure to produce evidence to establish the essential elements of the charged crime. (Cv. Doc. #1, pp. 17-21.) Specifically, Petitioner asserts 1) that he was unaware of the financial transactions when they occurred which is an essential element of a conspiracy to commit money laundering; and 2) there is no evidence that his statement was false. Petitioner asserts that because the financial transactions occurred before the Petitioner discovered them, there could be no agreement or plan as required for a charge of conspiracy. (Cv. Doc. #10, p. 9.)

Respondent asserts that Petitioner's appellate counsel did argue on direct appeal that the Court erred by not granting his motion for judgment of acquittal because insufficient evidence existed to sustain his convictions. (Cv. Doc. #7, p. 17.) Petitioner responds that his claims regarding counsel's failure to challenge the evidence of a prospective agreement was not adjudicated on appeal. (Cv. Doc. #10, pp. 9-10.) The Petitioner acknowledges however, that the issue was raised before the District Court. (Id.)

The record shows that Petitioner's appellate attorney argued on appeal that the government failed to produce sufficient evidence

for the claims regarding the loan transaction and concealment, as well as the false statement.  United States v. Marion, No. 09-15622, Appellant's Initial Brief (11th Cir. Apr. 23, 2010).  The Eleventh Circuit found that sufficient evidence existed to show that the loans were designed to conceal or disguise Petitioner's drug-dealing proceeds and Petitioner's statement was material. (Cr. Doc. #176.)

Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983).  The Eleventh Circuit has held that appellate counsel is not required to raise every non-frivolous issue, even ones that may have been meritorious, noting that "it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel did present other strong issues." Toepfer v. United States, 518 F. App'x 834, 841-42 (11th Cir. 2013) (citations omitted).  To establish prejudice in this context, a movant must show that "the neglected claim would have a reasonable probability of success on appeal." Heath v. Jones, 941 F.2d 1126, 1131 (11th Cir. 1991).

Petitioner has failed to establish that his appellate counsel's decision to challenge the sufficiency of evidence as to

the concealment of the loan transactions and the false statement while omitting other arguments was not strategic or tactical as allowed under Strickland. Petitioner's appellate counsel raised four claims challenging Petitioner's conviction and sentence including that insufficient evidence existed to sustain Petitioner's convictions.

Moreover, the appellate court's conclusion that the loans were designed to conceal or disguise Petitioner's drug proceeds was an implicit conclusion that Petitioner was aware of the financial transactions when they occurred. Accordingly, Petitioner cannot show Strickland prejudice from appellate counsel's omission of the claim. Therefore, the Court cannot conclude that appellate counsel's performance was unreasonable or that Petitioner was prejudiced. Accordingly, ground two is denied.

      **C)** **Ground Three: Trial counsel was ineffective for not requesting a jury instruction on the prospective nature of the conspiracy agreement or plan, and the difference between money laundering and money spending**

In ground three of Petitioner's § 2255 Motion, he claims that his trial attorney was ineffective for not requesting a jury instruction on the prospective nature of a conspiracy and on a difference between money "laundering" and money "spending." Petitioner references a "significant body of law" in support of this allegation but does not provide specific citations. (Cv. Docs. #1, p. 25; #10, pp. 9-10.) The Court finds no merit to

Petitioner's argument that a jury instruction on the prospective nature of a conspiracy was required. Because Petitioner's argument is without merit trial counsel did not provide ineffective assistance by failing to argue the issue.

Turning to Petitioner's related contention that his trial counsel was ineffective for failing to argue the difference between money "laundering" and money "spending," the Court is not persuaded that Petitioner was prejudiced by the jury not receiving a more specific instruction and does not find the lack of argument for one unreasonable.

Petitioner's position on the differences between "laundering" and "spending" does not fully appreciate the emphasis allowed for the concealment aspect of the transactions; mere spending, that would not otherwise rise to laundering, may be an extension of laundering when it is done as part of concealment. United States v. Majors, 196 F.3d 1206, 1213 (11th Cir. 1999) ("Section 1956(a)(1)(B)(i) is a concealment statute, not a spending statute."); United States v. Magluta, 418 F.3d 1166, 1176 (11th Cir. 2005) ("[P]ayments for personal benefit . . . do not themselves constitute money laundering unless they are designed to conceal the nature or source of the money."), and case law in fact is replete with numerous examples finding concealment money laundering in otherwise innocuous transactions. See United States v. Naranjo, 634 F.3d 1198, 1208-09 (11th Cir. 2011) (summarizing

"a non-exhaustive list of examples of evidence that may support a finding that a defendant purposefully sought to conceal funds."). The Eleventh Circuit highlighted this in its denial of Petitioner's appeal.   (Cr. Doc. #176.)   The trial court jury instructions specifically provided for the nature of the transaction to involve concealment, (Cr. Doc. #125), as the Eleventh Circuit referenced in its opinion upholding the conviction.   (Cr. Doc. #176.)   It thus fell to the jury to determine – and they ultimately did – that the underlying purpose was concealment.   Even had trial counsel moved for and succeeded in obtaining a clarifying instruction as Petitioner now argues for, any consideration on "spending" still would have been rendered moot by the concealment aspect.   Therefore, it would not be unreasonable for counsel to decide against moving for and contesting such an instruction as a meritless endeavor.

For both of Petitioner's assertions regarding jury instructions and related ineffective assistance of counsel, the Court cannot conclude that trial counsel was unreasonable in decisions of strategy and advocacy, nor that Petitioner was prejudiced by counsel's performance.   Accordingly, ground three is denied.

   **D)   Ground Four: Appellate counsel was ineffective for failing to argue on appeal that Petitioner's statement was false**

In ground four of Petitioner's § 2255 Motion, he claims that the Court erred by denying his motion for acquittal for failure of the government to establish that the Petitioner's statement was false, and thus his appellate attorney was ineffective for failing to raise this fact on appeal.[5]  (Cv. Doc. #1, p. 23.)

As discussed above, the record shows that Petitioner's appellate counsel raised issues arising from the denial of Petitioner's motion for acquittal that the Eleventh Circuit addressed and rejected.  Petitioner's appellate counsel cannot be deemed deficient for failing to make a certain argument; counsel merely argued one point, the materiality of the statement, as a matter of strategy over an alternative.  Further, the arguments selected by counsel were not objectively unreasonable; they were merely not prevailing in the view of the Eleventh Circuit based on the facts in the record.

Petitioner has failed to establish that his appellate counsel's performance was unreasonable or that Petitioner was prejudiced.  Accordingly, ground four is denied.

**E)    Ground Five: Trial counsel was ineffective for failing to object to the District Court's calculations of the sentencing guideline range.**

In the fifth allegation in his § 2255 Motion, Petitioner claims that his attorney was ineffective for failing to object to

---

5 On direct appeal, Petitioner argued that his alleged statements that he knew nothing about his daughter's loans was immaterial. See United States v. Marion, 418 F. App'x 847 (11th Cir. 2011).

the trial court's calculations of the sentencing guideline range. (Cv. Doc. #14, pp. 3-6). In support of this position Petitioner cites to United States v. Salgado, 745 F.3d 1135, 1138 (11th Cir. 2014). However, Petitioner's case legally differs from Salgado.

In Salgado, the appellant contested the calculation of his sentence for erroneously including other underlying criminal offenses. Salgado, 745 F.3d at 1136-37. Petitioner here argues that his sentence was likewise subjected to such an erroneous calculation because the district court "mistakenly considered [Petitioner]'s role in the conspiracy of the drug charge that generated the dirty money" resulting in a higher adjusted offense level. (Civ. Doc. #14, p. 6.)

As an initial matter, Salgado was decided on a direct appeal from his conviction, while Petitioner's § 2255 motion here is on collateral review. Claims that may be valid on direct appeal are not necessarily subject to collateral review in a Section 2255 proceeding. Lynn v. United States, 365 F.3d 1225, 1233 (11th Cir. 2004) (referencing Burke v. United States, 152 F.3d 1329, 1331–32 (11th Cir.1998)); see also Burke, 152 F.3d at 1331-32 (discussing Supreme Court and Eleventh Circuit standards before concluding that "a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief."). Therefore,

Petitioner may not raise this sentencing claim in a 28 U.S.C. § 2255 motion.

Ground five must also fail under an ineffective assistance of counsel claim.   Petitioner was sentenced on October 26, 2009, while the Salgado opinion was decided on March 14, 2014. Therefore, counsel could not have made an objection based on Salgado.   Furthermore, any objection would have been futile because the Court properly applied the guidelines in the instant case.

Petitioner has failed to show that, but for his attorney's conduct, there is a reasonable probability that the result of the sentencing proceeding would have been different.   Thus, the Court finds that Petitioner's trial counsel's performance was not unreasonable in the instant case.   Accordingly, ground five is denied.

**F)  Ground Six: The trial court unconstitutionally incorporated a factor increasing the base offense level that had not been proven to a jury beyond a reasonable doubt**

In the sixth allegation in his § 2255 Motion, Petitioner claims that he was harmed by the trial court incorporating a factor increasing the base offense level when that factor had not been proven to a jury beyond a reasonable doubt.   (Cv. Doc. #14, pp. 6-7.)   In support of this ground Petitioner relies on Alleyne v. United States, 133 S. Ct. 2151, (2013).   In Alleyne, the defendant was convicted of carrying a firearm in relation to a crime.   In

determining Alleyne's sentence, the Alleyne trial court incorporated as fact that the defendant "brandished" the firearm even though that fact had not been established by the jury.

Petitioner here does not specifically identify any fact in controversy other than "a fact that increased [his] sentence from 57 months to 188 months." Id. at 7. As either an ineffective assistance of counsel claim, or, alternatively, as a constitutional claim, this argument is without merit. Not only does Petitioner's broad assertion not clearly fall within the scenario outlined in Alleyne, but the Eleventh Circuit has since held that the decision in Alleyne does not apply retroactively on collateral review. Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1284-85 (11th Cir. 2014)(in a § 2241 petition, "[N]either Alleyne itself nor any later Supreme Court decision holds that Alleyne is retroactive ... [f]inally, every one of our sister circuits to consider the issue in a published decision has concluded that Alleyne is not retroactively applicable on collateral review.").

Furthermore, Petitioner was sentenced on October 26, 2009 and Alleyne was issued on June 17, 2013. The Eleventh Circuit has held that counsel cannot be deemed ineffective for failing to anticipate a change in the law. See Black v. United States, 373 F.3d 1140, 1146 (11th Cir. 2004); United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001) ("[I]t is not ineffective assistance for an attorney to fail to foresee a change in the law...even when

the change is such that the forfeited issue was, in hindsight, a sure fire winner."). Prior to <u>Alleyne</u>, courts were permitted to increase the minimum mandatory sentence without a factual finding by the jury. <u>See</u> <u>Harris v. United States</u>, 536 U.S. 545, 568 (2002). Consequently, <u>Alleyne</u> constituted a departure from existing precedent. Counsel, therefore, was not deficient for failing to object to Petitioner's sentence because it would be unreasonable to expect counsel to predict the change in the law. <u>See, e.g.</u>, <u>Gutierrez v. United States</u>, No. 8:11-CR-313-T-30EAJ, 2014 WL 6473743, at *8 (M.D. Fla. Nov. 18, 2014) (denying ineffective assistance of counsel claim premised on <u>Alleyne</u>). Accordingly, ground six is denied.

### G) Ground Seven: trial and appellate counsel were ineffective for failing to argue that the court should apply § 5G1.3(b)(1) and (2) conjunctively

In ground seven Petitioner asserts that his trial counsel was ineffective for failing to argue that the court should apply § 5G1.3(b)(1) and (2) conjunctively. Specifically, Petitioner asserts that his attorney should have requested an adjustment of the sentence and sought credit for the 38 months he had already spent in custody. Petitioner argues that according to U.S. Sentencing Guidelines Manual § 5G1.3(b)(1), the Court should have credited Petitioner with the time he served prior to sentencing.

Section 5G1.3 of the Sentencing Guidelines provides:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including

work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(C) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S. Sentencing Guidelines Manul § 5G1.3 (2010).

During the sentencing hearing Petitioner's trial counsel argued that Petitioner's sentence should run concurrently pursuant to § 5G1.3. (Cv. Doc. #163, pp. 86-92.) The Court evaluated Petitioner's claims under § 5G1.3 and sentenced him to a concurrent sentence of 188 months. (Id. at pp. 93-96.) Thus, the Court properly considered and applied § 5G1.3 when sentencing

Petitioner.   The Court finds that Petitioner's assertion that he was entitled to a credit of 38 months of time served pursuant to § 5G1.3(b)(1) is without merit.

Petitioner has failed to point out any ground which was available to his trial attorney for an objection regarding the length of the sentence.   Petitioner has shown neither deficient performance nor prejudice resulting from counsels' failure to object.   Thus, the Court finds that neither Petitioner's trial nor appellate counsels' performances were unreasonable in the instant case.   Accordingly, ground seven is denied.

**H)   Ground Eight: Petitioner's sentence is unreasonable due to the Court's miscalculation of the guidelines**

Petitioner asserts that his sentence is unreasonable because the Court did not apply § 5G1.3(b)(1) and (2) conjunctively.

Claims alleging the misapplication of the sentencing guidelines are not cognizable under 28 U.S.C. § 2255.   A prisoner may collaterally attack his sentence under 28 U.S.C. § 2255 only "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]'"   Id.   Ordinary errors, even those that would be meritorious on direct appeal, are not cognizable in a § 2255 proceeding.   See Lynn v. United States, 365 F.3d 1225, 1233 n.15 (11th Cir. 2004) ([A] non-constitutional error

that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice.") (citing United States v. Frady, 456 U.S. 152, 165 (1982); Stone v. Powell, 428 U.S. 465, 477 n.10 (1976)).

The Eleventh Circuit recently held that "[a] prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated[.]"  Spencer v. United States, 773 F.3d 1132 (11th Cir. 2014).  Petitioner does not assert that either of his underlying predicate offenses have been vacated nor does he provide evidence that he is actually innocent of his crime.

Because Petitioner's convictions remain valid, he cannot show that any error in sentencing would be a complete miscarriage of justice.  See Spencer, 773 F.3d at 1138 ("When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice.").  Therefore, Petitioner may not raise this sentencing claim in a 28 U.S.C. § 2255 motion.  Accordingly, ground eight is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #179) is **DENIED.**

2.   Petitioner's Motion to Amend (Cv. Doc. #20) is **GRANTED** to the extent set forth herein.

3.   Petitioner's Motion to Expedite Proceedings (Cv. Doc. #24) is **DENIED as moot.**

4.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the

- 24 -

issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of July, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA