UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:08-cr-158-FtM-29DNF

ISAAC MARION, SR.

**OPINION AND ORDER**

This matter comes before the Court on review of the Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed By the Amendment 782 Omnibus Order (Doc. #198) filed on April 17, 2017. The matter is also before the court on defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (Doc. #188) filed before the appointment of counsel.

**I.**

On December 10, 2014, the Court issued an Order (Doc. #189) appointing the Federal Public Defender's Office to represent defendant with regard to whether a reduction in sentence may be warranted pursuant to the Omnibus Order In Re: Amendment 782, United States Sentencing Guidelines (Doc. #189-1). The Federal Public Defender's Office reports that it has no conflict of interest that would prohibit it from representing defendant. After a diligent review of the record, and with due consideration of United States v. Cano, No. 15-14838, ___ F. App'x ___, 2017 WL

603843 (11th Cir. Feb. 15, 2017), the Federal Public Defender's Office determined that it cannot argue in good faith that defendant is entitled to a reduction of his sentence because his current sentence is lower than the low end of the amended guideline range due to a variance. The Court will relieve the Federal Public Defender's Office of further responsibility in this case.

**II.**

On December 8, 2014, prior to the appointment of counsel, defendant filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (Doc. #188). Pursuant to the Omnibus Order In Re: Amendment 782, United States Sentencing Guidelines, 6:14-mc-78-ORL-22, the United States Probation Office issued a Memorandum noting that defendant was ineligible for a reduction in his sentence because the charged offenses *in this case* are not drug offenses. (Doc. #190.)

**A.**

A federal grand jury returned an Amended Superseding Indictment (Doc. #74) charging defendant and others with conspiracy to commit money laundering (Count One), money laundering (Count Two), and making false statements to law enforcement officers (Counts Three and Four). Defendant was not named in Count Five. On July 17, 2009, a federal jury found defendant guilty of Counts One and Three, and not guilty of Counts Two and Four of the Amended Superseding Indictment (Doc. #126.)

On October 26, 2009, defendant was sentenced to concurrent terms of 188 months imprisonment as to Count One and 60 months imprisonment as to Count Three; the terms of imprisonment were also concurrent with the terms imposed in Case No. 2:06-cr-88-FTM-29SPC[1]. (Doc. #143.) The Base Offense Level was determined to be Level 36 based on the amount of drugs from which the laundered funds were derived. Defendant was found accountable for at least 50 kilograms of cocaine but not more than 150 kilograms, which resulted in a Base Offense Level of 36. From this, the Court gave a two level reduction for safety valve, a two level increase pursuant to USSG § 2S1.1(b)(2)(B), and a two level increase for obstruction of justice. This resulted in a Total Offense Level of 38. With a Criminal History Category of I, defendant's range of imprisonment was 235 to 293 months imprisonment. After considering the advisory guidelines, and the factors identified in 18 U.S.C. § 3553(a)(1)-(7), the Court granted a variance and found that a maximum sentence of 188 months was sufficient but not greater than necessary to comply with the purposes of sentence set forth in 18 U.S.C. § 3553(a).

---

[1] In the underlying drug case, defendant entered a plea of guilty to Counts One and Three of the Indictment for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, and distribution of cocaine. Defendant was sentenced to a term of 108 months on each count, to be served concurrently. On September 9, 2015, defendant's sentence was reduced to 87 months of imprisonment pursuant to Amendment 782.

B.

A district court may modify a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). While defendant was not convicted of a drug offense, the Drug Quantity Table was utilized to calculate his Sentencing Guidelines range. Amendment 782 lowers the range for the non-drug convictions because it was based on the Drug Quantity Table. Thus, defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" within the meaning of 18 U.S.C. § 3582(c)(2). Therefore, defendant may utilize Section 3582(c)(2) to seek a sentence reduction.

Section 3582(c)(2) states a court may grant a sentence reduction when an amendment to the Sentencing Guidelines has been made retroactive, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The pertinent policy statement instructs the district court not to reduce a sentence below the new guideline range: "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range determined under [§ 1B1.10(b)(1)]." U.S. Sentencing Guidelines Manual §1B1.10(b)(2)(A). The policy statement

contained in Section 1B1.10 is binding on district courts. United States v. Melvin, 556 F.3d 1190, 1191–1193 (11th Cir. 2009) (finding that district court was only permitted to reduce a sentence consistent with the policy statements of the Sentencing Commission).

The Court is not permitted under § 3582(c)(2) to grant a reduction in this case because defendant received a variance to 188 months, which is now at the bottom of the 188-235 month range applicable under Amendment 782. See Melvin, 556 F.3d at 1193–1194; United States v. Cano, 2017 WL 603843, at *3. Giving defendant the benefit of Amendment 782 reduces his Base Offense Level from 36 to 34, and reduces his Total Offense Level from 38 to 36. With a Total Offense Level of 36 and a Criminal History Category of I, defendant's Sentencing Guidelines range is 188 to 235 months imprisonment. Defendant received a sentence of 188 months imprisonment, and the Court can go no lower than the low end of the amended guideline range. The motion will be denied.

Accordingly, it is hereby

**ORDERED:**

1. The Federal Public Defender's Office is relieved of further responsibility in this case, without prejudice, and no further action will be taken with regard to the appointment. The Clerk shall terminate the Federal Public Defender's Office as counsel of record.

2. Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (Doc. #188) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of April, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Defendant