UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:06-cr-88-JES-MRM
                                       CASE NO: 2:08-cr-158-JES-NPM

ISAAC L. MARION

_____

### OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Reduce Sentence for Extraordinary and Compelling Reasons Pursuant to the Newly Amended 18 U.S.C. 3582(c)(1)(A)(i) of the First Step Act Enacted Dec. 21, 2018 Based on Non-Medical Circumstances (Docs. ## 338, 216, respectively) filed on December 5, 2019, and a Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. #224) filed in the second case by appointed counsel based on medical reasons.  For the reasons set forth below, the motions are denied.

The Eleventh Circuit recently summarized the First Step Act as follows:

> The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Fair Sentencing Act); see Dorsey v. United States, 567 U.S. 260, 268-69, 132 S. Ct. 2321, 183 L. Ed. 2d 250 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act). Section

2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(2); 21 U.S.C. § 841(b)(1)(B)(iii). Thus, possession of less than 28 grams of crack cocaine now falls under the purview of 21 U.S.C. § 841(b)(1)(C). The Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 30 years for cases (1) involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B), and (2) are committed by defendants after a prior felony drug conviction has become final. See Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive for covered offenses the statutory penalties enacted under the Fair Sentencing Act. See First Step Act § 404. Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed." Id. § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act ..., that was committed before August 3, 2010." Id. § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. § 404(c). In deciding whether to reduce a defendant's sentence under the First Step Act, a district court has wide latitude to determine whether and how to exercise its discretion, and it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. United States v. Jones, 962 F.3d 1290, 1301, 1304 (11th Cir. 2020). However,

- 2 -

> consideration of the § 3553(a) factors is not
> mandatory in granting or denying a sentence
> reduction under § 404(b) of the First Step
> Act. <u>United States v. Stevens</u>, 997 F.3d 1307,
> 1310 (11th Cir. 2021).

<u>United States v. Carter</u>, No. 20-13328, 2021 WL 3486171, at *2 (11th Cir. Aug. 9, 2021).

As for compassionate release,

> Most recently, the FSA expanded who could file
> a motion for a reduction of sentence. The
> statute initially read "the court, upon motion
> of the Director of the Bureau of Prisons, may
> reduce the term of imprisonment." 18 U.S.C. §
> 3582(c)(1)(A) (1984) (amended 2018). The First
> Step Act added the italicized language: "the
> court, upon motion of the Director of the
> Bureau of Prisons, *or upon motion of the*
> *defendant after the defendant has fully*
> *exhausted all administrative rights to appeal*
> *a failure of the Bureau of Prisons to bring a*
> *motion on the defendant's behalf or the lapse*
> *of 30 days from the receipt of such a request*
> *by the warden of the defendant's facility*,
> *whichever is earlier*, may reduce the term of
> imprisonment." Pub. L. No. 115-391, § 603(b),
> 132 Stat. 5194, 5239 (2018) (amending 18
> U.S.C. § 3582). In addition to allowing
> defendant-filed Section 3582(c)(1)(A)
> motions, the FSA also required the BOP to
> notify prisoners when they may be eligible and
> to help them craft and file their motions. *See*
> Pub. L. No. 115-391, § 603(b), 132 Stat. 5194,
> 5239-41 (2018) (amending 18 U.S.C. § 3582).

<u>United States v. Bryant</u>, 996 F.3d 1243, 1250 (11th Cir. 2021).

## **<u>Case No. 2:06-cr-88</u>**

The Court previously noted that the Federal Public Defender's Office did not contest the United States Probation Memorandum (Doc.

- 3 -

#344) noting that the Fair Sentencing Act did not apply to reduce the applicable penalties because the conviction involved cocaine, not cocaine base.   The Court released the Federal Public Defender's Office since the remaining aspect of the motion was outside the scope of its appointment.   (Doc. #346.)   The motion is denied to the extent that it seeks a retroactive reduction under the First Step Act.

The Court otherwise will address the *pro se* motion to the extent that it seeks compassionate release.   At the Court's direction, the government filed a Response (Doc. #347) on April 16, 2021, which opposed the motion.   The government notes that defendant's sentence was reduced to 87 months effective November 2, 2015, pursuant to Amendment 782 of the United States Sentencing Guidelines.   (Doc. #326; Doc. #347, p. 7.)   Defendant has served over 14 years of incarceration, and therefore has completed his term of imprisonment in the first filed case.   (Doc. #347, p. 7.) Regardless of whether there has been exhaustion of defendant's administrative remedies, the Court finds that the motion is moot as to this first filed case.

### Case No. 2:08-cr-158

As to the second case, the Federal Public Defender did not contest that defendant's offense of conviction was not a covered offense under Section 404 of the First Step Act.   (Doc. #220, p.

1.)   The motion is denied to the extent that it seeks a retroactive reduction under the First Step Act.

Nonetheless, the Federal Public Defender sought to expand its scope of appointment to file a supplemental motion for compassionate release.  (Doc. #221.)  The Federal Public Defender filed a Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. #224) and the government filed a Response in Opposition (Doc. #225) on May 14, 2021.  On August 27, 2021, counsel filed another Supplement in Support of Motion to Reduce Sentence (Doc. #226) with medical records.

At the time of sentencing, defendant was 48 years old with prior gunshot wounds, a severely broken leg requiring placement of steel rods and skin grafts, a torn intestine requiring a colostomy bag, hernia, and Sickle Cell Trait.  (Doc. #224, pp. 1-2.) Defendant has now served more than 14.5 years in the custody of the Bureau of Prisons.  Defendant now also suffers from obesity, hypertension, and he has a heart condition and history of Hepatitis C and high cholesterol.  (Id., p. 2.)  Defendant's updated medical records also substantiate a renal cyst and structural abnormality, hypercoagulable state, dyslipidemia, hyperglycemia, and a positive Hepatitis C antibody test.  (Doc. #226.)  Defendant was approved for a transfer to home confinement under the supervision of the Miami Reentry Management Office in response to the pandemic.

(Doc. #225, p. 1.)  While at home, defendant contracted a severe case of COVID-19 and was hospitalized for a period of time.  (Doc. #224, p. 3.)  Defendant thereafter violated the terms of his home confinement by leaving the house for a doctor's appointment, shopping, to pay his phone bill, and to pick up his daughter from high school, all without permission.  Defendant was sanctioned and has been at Charlotte County Jail since November 10, 2020.  (Id., p. 3.)

Defendant will be eligible for home detention placement October 17, 2021 and has a current projected release date of April 17, 2022.  Defendant has a new release plan to live with his daughter in an "environment he anticipates that he will be much more successful" with the constraints of home confinement.  (Id., pp. 2, 4.)  Counsel argues that defendant's rehabilitation combined with his risk of contracting COVID-19 again, compel finding an extraordinary and compelling reason warranting compassionate release.  (Id., p. 4.)  The government opposes the motion for failure to exhaust his administrative remedies, and for lack of a compelling reason to grant release.

There appears to be some disagreement as to whether defendant exhausted his administrative remedies.  Counsel argues that defendant made a request via a Form BP-8 in November 2019, however the government states that there is no evidence that a BOP staff

member received it or that defendant appealed a denial. (Doc. #224, p. 7; Doc. #225, pp. 6-7.) Defense counsel argues that the condition precedent is sufficiently met as defendant is not currently housed in a BOP facility, and therefore he is not required to exhaust. The government does not concede this point and argues that defendant has failed his burden to show exhaustion. (Doc. #224, p. 9; Doc. #225, p 8.)

Defendant's current placement is outside the BOP, and the Administrative Remedy log reflects that a request for a transfer for proper medical care was made in October 2019 and closed on November 7, 2019, but no request was made in November 2019. (2:06-cr-88, Doc. #347-1, Exh. A.) The November 1, 2019, Documentation of Informal Resolution Attempt form (Doc. #216-5) reflects staff initials of having received the form even if there was no resolution or information in the other columns. Without any clear evidence one way or another if the log is accurate or if the request was resolved, the Court will treat the administrative remedies as exhausted for purposes of this motion.

In the sentencing context, a district court has "no inherent authority" to modify an already imposed imprisonment sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United

States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).  A

term of imprisonment may be modified only in limited circumstances.

18 U.S.C. § 3582(c).   Title 18 U.S.C. § 3582(c)(1)(A)(i), as

amended by the First Step Act, allows a court to modify a

prisoner's sentence "in any case" if:

> (A) the court . . . upon motion of the
> defendant . . . may reduce the term of
> imprisonment (and may impose a term of
> probation or supervised release with or
> without conditions that does not exceed the
> unserved portion of the original term of
> imprisonment), after considering the factors
> set forth in [18 U.S.C.] section 3553(a) to
> the extent that they are applicable, if it
> finds that—
>
> (i) extraordinary and compelling reasons
> warrant such a reduction. . . . and that such
> a reduction is consistent with applicable
> policy statements issued by the Sentencing
> Commission. . . .

18 U.S.C. § 3582(c)(1)(A)(i).  The "applicable policy statements

issued by the Sentencing Commission" are found in Section 1B1.13

of the U.S. Sentencing Guidelines Manual Application Notes, and a

Court may not reduce a sentence under Section 3582 unless

consistent with 1B1.13.  United States v. Bryant, No. 19-14267,

2021 WL 1827158, at *13 (11th Cir. May 7, 2021).  Section 1B1.13,

Application Note 1, provides that "extraordinary and compelling

reasons exist under" the following circumstances relevant here:

> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal
> illness (i.e., a serious and advanced illness

with an end of life trajectory). A specific
prognosis of life expectancy (i.e., a
probability of death within a specific time
period) is not required. Examples include
metastatic solid-tumor cancer, amyotrophic
lateral sclerosis (ALS), end-stage organ
disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or
medical condition,

(II) suffering from a serious functional or
cognitive impairment, or

(III) experiencing deteriorating physical or
mental health because of the aging process,
that substantially diminishes the ability of
the defendant to provide selfcare within the
environment of a correctional facility and
from which he or she is not expected to
recover.

. . .

(D) Other Reasons. —As determined by the
Director of the Bureau of Prisons, there
exists in the defendant's case an
extraordinary and compelling reason other
than, or in combination with, the reasons
described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.  Defendant must also not be a danger

to the safety of any other person or to the community.  Id.,

§1B1.13(2); 18 U.S.C. § 3142(g).  Thus, a defendant is eligible

for compassionate release if the district court finds

"extraordinary and compelling reasons" that are "consistent with

this policy statement" Id. § 1B1.13(1), (3). If there are such

"extraordinary and compelling reasons" for compassionate release,

- 9 -

the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors.  United States v. Monaco, 832 F. App'x 626, 629 (11th Cir. 2020).

The government concedes that defendant's medical records substantiate his obesity and primary hypertension and that he is at higher risk of becoming severely ill from COVID-19.  (Doc. #225, pp. 9-10.)  Defendant has had COVID-19, recovered, and is now vaccinated against COVID-19.  (Id., p. 10.)  Counsel argues that the risks remain of a reinfection.

As of July 27, 2021, the CDC has updated its recommendations for fully vaccinated people to wear a mask in public indoor settings in areas of substantial or high transmission, including at correctional facilities.  Lee County, Florida is currently identified by the CDC as a high transmission risk.[1]  Defendant clearly recovered from COVID-19, when he left home confinement to pick up his daughter and run errands, even if he may suffer unknown long-term health effects.  Defendant contracted COVID-19 after release and not in a BOP facility, and he has demonstrated that he cannot manage the constraints of home confinement.  Defendant is fully vaccinated and has therefore decreased his risk of

---

[1]  https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html

contracting        a        severe        case        of        COVID-19.
https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-
vaccinated.html.

Defendant attached a Male Custody Classification Form (Doc.
#216-4) reflecting a criminal history score of 1 point, a security
level of minimum, and no violence or escapes as of June 9, 2019.
The government argues that defendant violated his conditions of
release by making 7 unauthorized stops while monitored with a GPS
unit. (Doc. #225, p. 16.) The government argues that the motion
should be denied and defendant "should not reap the benefit of a
premature termination of his sentence of incarceration." (Id.,
p. 17.) While defendant does not pose a danger to the safety of
the community, 18 U.S.C. § 3142(g), the Court agrees that defendant
has not demonstrated compelling and extraordinary circumstances
justifying another compassionate release.

ORDERED:

1. Defendant's Motion to Reduce Sentence for Extraordinary
   and Compelling Reasons Pursuant to the Newly Amended 18
   U.S.C. 3582(c)(1)(A)(i) of the First Step Act Enacted Dec.
   21, 2018 Based on Non-Medical Circumstances (Doc. #338) is
   **DENIED as moot.**

2. Defendant's Motion to Reduce Sentence for Extraordinary
   and Compelling Reasons Pursuant to the Newly Amended 18

U.S.C. 3582(c)(1)(A)(i) of the First Step Act Enacted Dec. 21, 2018 Based on Non-Medical Circumstances (Doc. #216) is **DENIED.**

3. Defendant's Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. #224) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __31st__ day of August 2021.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record