```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                          CASE NO: 2:06-cr-88-JES-NPM
                                             CASE NO: 2:08-cr-158-JES-NPM

ISAAC MARION, SR.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Amend Judgment (Doc. #400; Doc. #283)[1] filed on March 11, 2025, by and through counsel.  No response has been filed and the time to respond has expired.

On June 28, 2024, the Court issued a warrant pursuant to a Petition for Issuance of Warrant (Doc. #381; Doc. #266) filed by United States Probation noting four violations of defendant's conditions of supervised release.  Counsel was appointed and an initial appearance scheduled.  (Docs. #383, #386; Docs. #268, #271.)  On August 14, 2024, an Order of Detention Pending Final Revocation Hearing (Doc. #388; Doc. #272) was issued and defendant was detained pending the final hearing.  On August 23, 2024, counsel filed a Notice of Appearance (Doc. #393; Doc. #277) and on August 27, 2024, appointed counsel was permitted to withdraw.

---

[1] As the documents are filed in both companion cases, the first will refer to the document in the 2006 case and the second will refer to the document in the 2008 case.

(Doc. #395; Doc. #279.) On November 5, 2024, at the Final Hearing, defendant admitted to the violations and entered a plea of guilty to all four violations. (Doc. #398; Doc. #281.) A Judgment in a Criminal Case for Revocation (Doc. #399; Doc. #282) was entered sentencing defendant to a total term of 6 months as follow: "The terms of imprisonment imposed by this judgment shall run concurrently with the term of imprisonment already imposed or as yet to be imposed in any future sentence in Docket Number 23-CF-16415, Lee County Circuit Court." (Doc. #399 at 2; Doc. #282 at 2.) Supervised release was revoked and not reimposed.

Counsel states that the state sentence was satisfied on March 4, 2025, but defendant was not released and instead delivered to the Federal Detention Center in Miami with a release date of April 29, 2025. Counsel argues that defendant was not given credit for time served between the date of arrest – August 14, 2024 – and the date of the final hearing – October 30, 2024 – and defendant should have been released by now accounting for the 77 days in custody.

Defendant argues that the Bureau of Prisons "advised the Defendant and undersigned counsel that this is a court issue, and not an administrative one." (Doc. #400 at ¶ 8; Doc. #283 at ¶ 8.) However, only the Bureau of Prisons, as the designated agent of the Attorney General, has the authority to determine the amount of credit a federal prisoner should receive or when a federal sentence begins. See United States v. Wilson, 503 U.S. 329, 335 (1992)

("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) ("The Attorney General has the authority to make this determination, and he has delegated the right to make the determination to the Bureau of Prisons.").

Defendant must first pursue administrative remedies through the federal prison system, and if dissatisfied with the result, further administrative action may be taken. Lucas, 898 F.2d at 1555 (11th Cir. 1990). "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). See also Title 28, Code of Federal Regulations, Section 542.15 providing that:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

As defendant does not state that he exhausted his administrative remedies, the motion will be denied without prejudice. After exhaustion of administrative appeals, "[a] claim for credit for time served is brought under 28 U.S.C. § 2241." United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000). Section 2241 sets forth where such an application would be filed based on the location of custody. 28 U.S.C. § 2241(d).

In any event, the Court intended that defendant receive credit for the time he was taken into federal custody and the date of his sentencing. The Court did not intend that he get double credit. So, if the state sentence continued to run while defendant was in state custody, there would be no violation of the Court's intent.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Amend Judgment (Doc. #283) is **DENIED** without prejudice.

**DONE and ORDERED** at Fort Myers, Florida, this ___1st___ day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record